## SUPREME COURT.

JOSEPH HART agt. JOHN A. KENNEDY, THADDEUS C. DAVIS and DE WITT C. SMITH.

By §.60 of the *rules* of the *commissioners of the Metropolitan police*, of the city of New York, passed under and in pursuance of 27th section of the act of the legislature, of April, 1860, it is· provided that the superintendent, inspectors, captains and sergeants of police, will be deemed to be *always on duty*.

By the 34th section of the act of April, 1860, it is declared that " no person holding office under this act shall be liable to military or jury duty, nor to arrest on civil process, or to service of subpœnas from civil courts, *whilst actually on duty*."

*Held,* that the 60th section of the rules of the commissioners must be considered as a mere rule or matter relating to discipline, as between the commissioners and those holding office under them. It cannot be deemed to affect in any manner *the rights of third parties* under the 34th section of the act, when persons holding office under the act *are not actually on duty*.

Though they may be deemed to be'on duty, yet if they are not *actually on duty*, these officers are liable to *arrest and to be served with subpœnas*.

*New York General Term, March,* 1863.

SUTHERLAND, INGRAHAM and CLERKE, *Justices.*

APPEAL from an order at special term vacating and discharging an order of arrest. The facts will appear in the opinions of the court.

By the court, SUTHERLAND, J. This is an action for two several alleged illegal arrests and false imprisonments of the plaintiff by the defendants.

The defendant Kennedy is the superintendent, the defendant Davis a captain, and the defendant Smith a patrolman of the Metropolitan police.

An order of arrest was granted by a justice of this court, holding the defendants to bail, each in the sum of $1,000.

This order of arrest was, on motion of the defendants, by an order made at special term, vacated and discharged as to the defendants Kennedy and Davis, and modified as to the defendant Smith, by reducing the amount of bail required of him to $250.

The case comes before us by the appeal of the plaintiff from the order vacating and discharging the order of arrest as to the defendants Kennedy and Davis, and modifying it as to the other defendant.

I infer from the papers that neither of the defendants had been arrested when the order vacating and modifying the order of arrest was made ; that the return day of the order of arrest as originally granted had been extended by an order, for the purpose of enabling the defendants to make the motion to vacate the order before the defendants should be arrested.

By the twenty-seventh section of the act passed April 10, 1860, to amend the Metropolitan police act, passed April 15, 1857, the commissioners of the Metropolitan police, " in furtherance of the police government of the said Metropolitan police district, and for the promoting and perfecting the police discipline of subordinates and of the members of the Metropolitan police force, are empowered to enact, modify and repeal, from time to time, rules and regulations of general discipline, wherein, in addition to such other provisions as may be deemed expedient by said commissioners, there shall be particularly defined, enumerated and distributed the powers and duties of the superintendent of police force, and of the inspectors and captains of police force, etc., provided that such rules or regulations shall not conflict with any of the provisions of this amended act, or with the constitution of the United States, or of this state."

By the thirty-fourth section of the same act it is declared that " no person holding office under this act shall be liable to military or jury duty, nor to arrest on civil process, or to service of subpœnas from civil courts, whilst actually on duty."

It appears from the affidavit of the defendant Kennedy in this case, that under section twenty-seven of said act the commissioners of the Metropolitan police enacted or

passed certain rules and regulations of general discipline, and that by section sixty of said rules it was provided that the superintendent, inspectors, captains and sergeants of police will be deemed to be always on duty.

It appears from the opinion of the learned justice who made the order at special term, vacating and modifying the order of arrest in this case, and it was conceded on the argument before us, that the order of arrest was vacated and discharged as to the defendants Kennedy and Davis, on the ground that the one was the superintendent and the other a captain of the Metropolitan police when the alleged arrests and false imprisonments of which the plaintiff complains took place, and that being such officers, by the thirty-fourth section of the act, and the sixtieth section of the rules and regulations enacted or passed by the commissioners under the twenty-seventh section of the act, they were as such officers free from arrest on civil process, at all times and under all circumstances.

It is difficult to see upon what other theory the order vacating the order of arrest as to the defendants Kennedy and Davis, and modifying and retaining it as to the defendant Smith, could have been made.

It is plain that it was an error to vacate and discharge the order as to the defendants Kennedy and Davis on this ground.

The thirty-fourth section of the act, by declaring that no person holding office under the act shall be liable to arrest on civil process, or to service of subpœnas, etc., whilst actually on duty, plainly impliedly declares that persons holding office under the act shall be liable to arrest on civil process or to service of subpœnas, etc., whilst not actually on duty.

This section impliedly declares that no person holding office under the act shall be deemed to be actually on duty at all times and under all circumstances, so as never to

be liable to arrest or service of subpœna whilst holding the office.

The police commissioners had no power under the twenty-seventh section of the act to enact any rule or regulation in conflict with the thirty-fourth section. The twenty-seventh section contains an express proviso to that effect, and independent of such proviso they would have had no power to enact or pass a by-law or regulation inconsistent with an express provision of the act conferring on them their powers.

But I do not think the sixtieth section of the rules or regulations enacted by the commissioners was intended to interfere with the thirty-fourth section of the act. It was intended to be, and is, a mere rule or matter relating to discipline, as between the commissioners and those holding office under them. It was not intended, and cannot be deemed to affect in any manner the rights of third parties under the thirty-fourth section of the act, when persons holding office under the act are not actually on duty.

It would be an extraordinary thing to hold, that the superintendent or a captain of the Metropolitan police can at no time or under any circumstances be served with a subpœna, or compelled to appear and testify in a civil court; and yet the thirty-fourth section of the act places the same restriction on the right to subpœna as it does on the right to arrest.

The order at special term should be reversed, so far as it vacated the order of arrest as to the defendants Kennedy and Davis; but I do not see why the other part of the order should not be affirmed.

CLERKE, J. The judge at special term gave no effect whatever to the sixtieth section of the general rules adopted by the commissioners, declaring that the superintendent, inspectors, captains and sergeants shall "be

Hart agt. Smith.

deemed always on duty." It is emphatically denied in the opinion, delivered at the special term, that any rule or regulation of the commissioners can interfere with the right of a court of justice to determine the fact according to the evidence.

But it was contended that, from the nature and extent of the duties of the superintendent and captains, the statements in the affidavit of Kennedy must be assumed as true, "that he has always since his appointment as superintendent of police been, and ever is, on duty as such superintendent at all times of the day and night," and that "all the captains in his district are also on duty at all times, day and night, without intermission." It was thought that this should be assumed until the contrary be shown; so that, after this positive statement, the burden of proof should devolve on the plaintiff to show that, at the time of the arrest on civil process, the party arrested, if the superintendent or a captain, was engaged in some pursuit of business or pleasure not within the sphere of his public duties.

In the language of the opinion below, "the patrolmen have certain intervals of remission from duty fixed and known, during which they are not liable to duty; but this can scarcely be affirmed of the superintendent. No doubt he has certain hours for taking his meals and taking sleep; but, as he has a general and unremitting supervision over the operations of the whole force, and as his directions and advice in a city like this may be necessary at any time, he is liable to be called to active duty at any hour of the day or night, so that it is not at all unreasonable to say that he is always actually (though not actively) on duty."

In such a case, to be prepared for duty is to be on duty. When, either in his office or in his house devising plans and thinking of instructions for the large force under his command; when he is awaiting applications for these

instructions, ready to give them during every hour of the twenty-four, if required; and when, not thus engaged, he is visiting the numerous stations in the city; I repeat, it is not at all unreasonable to acquiesce in his sworn statement, until the contrary be proved, that "he is at all times actually on duty." It would indeed be erroneous to hold that the superintendent or a captain of the police cannot, at any time or under any circumstances, be served with a subpœna or any other process. On a careful perusal of the opinion of the judge at special term, I cannot discover that he held any such thing. But he did hold, that those endeavoring to compel a superintendent or captain to appear and testify, or those at whose suit he is arrested in civil process, should show that he was otherwise engaged than on duty at the time of the service of the process; the clear presumption being, from the nature and extent of his duties, and from his own sworn statement, that, like the sentinel in his sentry-box, he is always actually on duty.

I think that a regard for the efficient government of the police force of this populous city, and a desire for the public safety and comfort render it expedient to establish this presumption in favor of the superintendent and captains, particularly when we consider that it is only raised in the case of a provisional remedy, the allowance of which, in any case, rests in a great measure in the sound discretion of the judge, who may refuse it altogether if he thinks the arrest is not necessary to secure the presence of the defendant to answer to the final judgment of the court. It is not at all probable that a public officer holding a position and performing duties, like those of the superintendent of police, will not render himself amenable to any process which may be issued to enforce any judgment that may be rendered against him.

Nevertheless, I am not in favor of affirming the order of the special term, as far as the superintendent and cap-

Hart agt. Smith.

tains are concerned. No arrest of these persons was actually made; the motion was made to set aside the order of arrest—not to release them from arrest.

Therefore, the plaintiff had no opportunity of having them arrested when not on actual duty, so that the principles on which the decision of the special term is founded are not applicable to the present motion.

The order at special term should be reversed so far as it vacated the order of arrest as to the defendants Kennedy and Davis, but should be affirmed as to the other defendant.

INGRAHAM, J. I concur in reversing the order below as to Kennedy and Davis.

The commissioners may have power by rules to provide that, for reasons of their own, officers in their employ shall be deemed always on duty; but no such regulation can alter the meaning of the terms used in the statute, "actually on duty." Though they may be deemed to be on duty, yet, if they are not actually on duty, the officers are liable to arrest, and to be served with subpœnas. We must look at the object of the provision to ascertain the intent of the legislature. That evidently was to prevent an arrest, etc., while the officer was actually discharging his public duties, so as to prevent the possibility of arresting one of their officers while actually in the public employ. But when some other officer has temporarily taken his place, it cannot be said that he is actually on duty, although for police purposes they provide that they shall be deemed to be so.

The reduction of the bail by the justice at chambers was a matter of discretion, with which, under ordinary circumstances, we do not interfere.